**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **DAVID ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Civil Action No.: 3:14-cv-006** |
| **v.** | ) | |
| | ) | **Judge: The Hon. James R. Spencer** |
| **TIME WARNER CABLE ENTERPRISES** | ) | |
| **LLC,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

**TIME WARNER CABLE ENTERPRISES, LLC'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT I OF**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TIME WARNER CABLE ENTERPRISES, LLC ("TWCE"), by undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits this Memorandum in support of its Motion to Dismiss Count I of Plaintiff's First Amended Complaint, the only count against TWCE.

## I. INTRODUCTION

On July 15, 2014, Plaintiff David M. Robinson ("Plaintiff") filed an Amended Complaint alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA") against defendants TWCE and Experian. (Dkt. No. 25.)  The Amended Complaint repeats the same bare bones, deficient allegations that were pleaded in another FCRA case, *Perry v. LTD, Inc.*, No. 3:14-CV-148, 2014 WL 3544848 (E.D. Va. July 17, 2014), and which this Court dismissed on July 17, 2014. *Id.,* Dkt. No. 74.  Indeed, as demonstrated by the attached chart, (Exhibit 1), the Amended Complaint filed here and the *Perry* complaint are the *same* complaint as it relates to the claims asserted against TWCE, with the only substantive difference being the

names of the defendants.[1]  Like the *Perry* complaint, the Amended Complaint fails to plead any facts stating a claim for relief against TWCE. (Dkt. No.25).   Accordingly, for the reasons discussed more fully herein, and in the Court's opinion in *Perry*, TWCE's Motion to Dismiss should be granted and Plaintiff's Amended Complaint against TWCE dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

## II. FACTS AND BACKGROUND INFORMATION

This action arises from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et seq.* ("FCRA"). (Am. Compl. at ¶1).   Plaintiff has sued a cable service provider (TWCE – Count I) and a credit reporting agency (Experian – Counts II and III) alleging that they violated the FCRA by, respectively, obtaining and furnishing Plaintiff's credit report without a permissible purpose. (*Id.*)

With regard to TWCE, the Amended Complaint alleges that TWCE obtained Plaintiff's "consumer report" (or reports – which is unclear) from "one or more credit agencies" (which ones are not identified) at some unspecified point in time and, sometime thereafter (also not specified), "used" the consumer reports (how or why is not stated) without a permissible purpose. (Am. Compl. at ¶¶27-29).  The problem with the Amended Complaint – just like the *Perry* complaint from which it was apparently cut-and-pasted – is that it does not provide any facts or information to support Plaintiff's desired legal conclusions. *Id.* ¶¶4, 27-48.   The Amended Complaint simply provides a bare recitation of Plaintiff's desired cause of action against TWCE, without the inconvenience of actual facts.   Plaintiff's broad, conclusory

---

[1] Exhibit 1 compares the allegations against one of the *Perry* defendants, Santander, with the allegations against TWCE.  Both Santander and its co-defendant, Wells Fargo, filed motions to dismiss that this Court granted (the allegations against Wells Fargo were the same as the allegations against Santander).  As the Court will see from Exhibit 1, the allegations against TWCE are exactly the same as the allegations against Santander (with the only exception being that in *Perry*, the plaintiff alleged that it had incurred a diminished credit score in addition to alleging "actual damages"). *Compare Perry Complaint* ¶150 with Am. Compl. ¶46.  In that sense, the dismissed *Perry* complaint was more specifically pleaded than the Amended Complaint here.

allegations do not meet the pleading standards established by *Twombly* and its progeny. Therefore, the Amended Complaint should be dismissed.

## III. ARGUMENT

### A.    Legal Standard

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court can consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at 555; *see id.* at 555 n.3. The Court need not accept legal conclusions presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable

conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.    Plaintiff's Amended Complaint Does Not Plead Facts – Only Conclusions**

Plaintiff's Amended Complaint concludes that TWCE did not have a permissible purpose to obtain Plaintiff's credit report, and therefore, TWCE violated the FCRA. (Am. Compl. ¶ 45.) There are no facts to apprise TWCE of the basis for the claims against it. (Am. Compl. at ¶¶ 4, 27-48) There are no facts regarding why, or in what context or capacity, TWCE obtained a copy of Plaintiff's credit report. There are no facts regarding how, when, or from whom TWCE obtained the credit report.  There are no facts regarding the purpose for which TWCE obtained the report, or why Plaintiff contends that TWCE did not have a permissible purpose to do so. Moreover, there are no facts regarding the relationship, if any, of the parties and no facts regarding the alleged activities that give rise to the litigation.  In fact, there are no facts at all.

Instead, the Amended Complaint provides nothing more than unsupported legal conclusions, presumably because providing the missing factual support would demonstrate that Plaintiff's claim against TWCE is neither supported by existing law nor could it be supported by a non-frivolous argument to extend, modify or revise existing law or to establish new law supported by the FCRA or the caselaw.[2]   Plaintiff's legal conclusions and recitation of the

---

[2]  Although the Amended Complaint is silent, TWCE understands that this dispute may arise from efforts by an identity thief to fraudulently obtain cable services from TWCE using the Plaintiff's name, Social Security Number, and date of birth to open an account with TWCE in Plaintiff's name, and that the Plaintiff is aware of this.  This lack of specific pleading is perhaps not surprising, because it is clear under the extant case law that in such cases there can be no claim under the FCRA. *See, e.g., Daniel v. Bluestem Brands, Inc.*, No. 13-11714, 2014 WL 81763 (E.D. Mich. Jan. 9, 2014) (even where an identity thief submits a false credit application containing plaintiff's stolen identity, the creditor has a permissible purpose ordering the credit report.); *Bickley v. Equifax Info. Servs.*, Case No. 3:10-CV-00678-H, 2012 WL 5397754 at *5 (W.D. Ky. Nov. 2, 2012) ("inquiry into Plaintiff's credit report is permissible as a legitimate business need, even though Plaintiff himself did not voluntarily surrender his privacy."); *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 449 (E.D. Va. 2009) aff'd, 382 F. App'x 256 (4th Cir. 2010) *see*, e.g., § 1681b(c)(1)(B)(i)-(iii) ("the plain language of § 1681b makes clear that consumer consent simply is not a prerequisite to release of a consumer report to a third party") (setting forth certain circumstances in which consumer initiation or consent is not required). The case law makes clear that a company has a "legitimate business need" when it assesses a consumer's eligibility for a service offered by the company. *See Smith v. Bob Smith Chevrolet,*

elements of 15 U.S.C. § 1681b(f) fail to offer a factual basis, let alone a plausible one, to state a valid claim for relief. *See Edwards v. Equifax Info. Servs. LLC,* No. 3:09-CV-622, 2009 WL 5178264 (E.D. Va. Dec. 24, 2009).

In *Edwards*, the plaintiff filed a complaint against three credit reporting agencies and seven users of information alleging violations of the FCRA. *Id.* Defendant Equity One filed a motion to dismiss plaintiff's complaint on two grounds: (1) the complaint failed to state a factual basis for the claims; and (2) plaintiff failed to plead facts to show that Equity One was either willful or negligent in violating the FCRA. *Id.* at *1. Applying *Twombly* and *Iqbal*, the Court granted Equity One's motion to dismiss. In concluding that the claims against Equity One failed to state a claim for relief that was plausible on its face, the Court stated:

> Plaintiff alleges that Equity One violated the FCRA, 15 U.S.C. § 1681(b)(f) by using or obtaining his consumer report without consent or a permissible purpose. In addition, the Plaintiff claims he suffered actual damages. These allegations are merely legal conclusions and a recitation of the elements under 15 U.S.C. § 1681b(f). Such hollow language fails to offer any factual basis, much less a plausible one, to support liability on Equity One's part.

*Id.* at *2.

Other courts to address this issue have repeatedly held that a "formulaic recitation of the elements" of a violation of the respective sections of the FCRA are not enough to survive a motion to dismiss. *Nowlin v. Avis Budget Grp.*, 1:11CV511, 2011 WL 7087108 (M.D.N.C. Dec.

---

*Inc.*, 275 F. Supp. 2d 808, 816–17 (W.D. Ky. 2003) ("Congress primarily envisioned consumer reports being disseminated for the purposes of assessing 'eligibility.'"); *Godby*, 599 F. Supp. At 940–41 (similar); FTC Informal Staff Opinion Letter, William Haynes (Mar. 2, 1998) (similar). For example, in *Estiverne v. Sak's Fifth Avenue*, the Fifth Circuit held that a retail store had a "legitimate business need" when it requested a credit report to determine whether or not to accept or reject a consumer's check. 9 F.3d 1171, 1173 (5th Cir. 1993); *accord Ewing v. Wells Fargo Bank*, No. CV11–8194–PCT–JAT, 2012 WL 1844807, *5 (D. Az. May 21, 2012); *Williams v. AT&T Wireless Services, Inc.*, 5 F. Supp. 2d 1142, 1152 (W.D. Wash. Feb. 23, 1998). The United States Court of Appeals for the Sixth Circuit confirmed that a cable provider's request for and receipt of the plaintiff's credit report was a "permissible purpose" even though the transaction in question was not initiated by the plaintiff himself, but by an attempted identity thief. *Bickley v. Dish Network, LLC*, Case No. 13-5956/5979 (6th Cir. May 13, 2014). Notably, the Court observed that the plaintiff's failure to include allegations in its complaint or pleadings relating to the identity theft was "borderline deceitful." *Id.* at 3.

22, 2011) report and recommendation adopted, 1:11CV511, 2012 WL 204162 (M.D.N.C. Jan. 24, 2012). Unadorned, conclusory facts are not sufficient. *See Iqbal,* 129 S.Ct. at 1949; *Chavez v. Premier Bankcard, LLC,* Case No. 1:11CV 01101, 2011 WL 4738323 (E.D.Cal. Oct. 6, 2011) (dismissing complaint alleging willful and negligent non-compliance of FCRA based upon allegation that defendant initiated soft pull of credit report without permissible purpose because such conclusory facts fail to state a claim for relief). Rather, in order to survive a motion to dismiss, a plaintiff must plead facts to support each element of his claim. *Suit v. Direct TV, LLC*, 2012 WL 5880280 (D. Md. Nov. 20, 2012).

As this Court has already held: "Plaintiffs' Complaint, while more elaborate, amounts to the complaint in *Chavez v. Premier Bankcard, LLC,* where a plaintiff simply alleged that defendants violated the FCRA by obtaining his credit report without a permissible purpose. No. 1:11-CV-01101 LJO, 2011 WL 4738323, at *2 (E.D. Cal. Oct. 6, 2011). Like *Edwards,* and like *Perry,* the Court should grant TWCE's Motion to Dismiss because the Amended Complaint does not contain sufficient factual allegations to elevate Plaintiff's claim from a speculative level to one that is plausible on its face, rather than merely conceivable. *Twombly*, 550 U.S. at 570." *Perry,* Case 3:14-cv-00148-JRS, Document 74 (Memo. Op.) at 3-4.

## C.   The Amended Complaint Does Not Plead Requisite Intent

In order to state a claim for a willful violation of the FCRA, Plaintiff must plead facts that establish that TWCE acted knowingly or recklessly. *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 59-60 (2007).  The Amended Complaint merely concludes that "Defendant Time Warner's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n." (Am. Compl. ¶47). Similarly, Plaintiff concludes that "[i]n the alternative, [TWCE] was negligent, entitling the Plaintiff to

recover under 15 U.S.C. §1681o." (*Id.*)  Simply stating that TWCE acted willfully or negligently

is a conclusion – not a fact.

> As this Court has already held with respect to the very same allegations in *Perry*:[3]
>
> Factually bare allegations in the context of an FCRA claim have been held to be
> insufficient by many courts. *See, e.g.*, *Edwards v. Equifax Info. Servs. LLC*, No.
> 309CV622-HEH, 2009 WL 5178264, at *2 (E.D. Va. Dec. 24, 2009). Plaintiff does
> allege that Defendants acted willfully and negligently. However, "a mere assertion of
> willful noncompliance with the FCRA will not, on its own, satisfy Rule 8(a)." *Singleton
> v. Domino's Pizza, LLC*, CIV. No. A. DKC 11-1823, 2012 WL 24596, at *4 (D. Md. Jan.
> 25, 2012) (citing *Ogbon v. Beneficial Credit Servs., Inc.*, 10 CV 03760 GBD, 2011 WL
> 347222 (S.D.N.Y. Feb. 1, 2011)) (dismissing a complaint asserting FCRA violations
> where the plaintiff alleged only that "Defendants acted willfully"). As such, Plaintiff's
> allegations of willful and negligent conduct have not been sufficiently pled.

*Perry*, Case 3:14-cv-00148-JRS, Document 74 (Memo. Op.) at 5.[4]

## IV. CONCLUSION

Whether the Amended Complaint is merely deficient because the Plaintiff does not have

any facts to support his claim and hopes to engage in a discovery fishing expedition, or because

the Plaintiff has intentionally omitted pertinent facts fatal to his claim (a tactic charitably referred

to as "borderline deceitful" in *Bickley,* Case No. 13-5956/5979 at 3 (6th Cir. May 13, 2014)), the

Amended Complaint does not pass muster under *Twombly*.   Count I should be dismissed with

prejudice because the Plaintiff has already had two bites at the apple, yet still has not pleaded

---

[3] *Compare* Am. Compl at. ¶47 ("Defendant Time Warner's conduct, actions, and inaction were willful, rendering it
liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the
alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.") *with Perry*, Case No. 3:14-
cv-00148-JRS Doc. #74 at ¶151 ("[Santander's] conduct, actions, and inaction were willful, rendering them liable
for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative,
they were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o."). *Perry*, Case No. 3:14-cv-00148-
JRS Doc. #74 (Mem. Op.). *See* Exhibit 1.

[4] By the same token, the Amended Complaint fails to plead all requisite elements to state a cause of action against
TWCE. To state a claim for relief for improper use or acquisition of a consumer report, a plaintiff must plead facts
establishing that: (i) there was a consumer report; (ii) the defendant used or obtain it; (iii) the defendant did so
without a permissible statutory purpose; and (iv) *the defendant acted with the specified culpable mental state*. *Suit v.
Direct TV, LLC*, 2012 WL 5880280 at *2-3 (D. Md. Nov. 20, 2012) (emphasis supplied). Here, Plaintiff has failed to
allege facts to support that TWCE acted with the specified culpable mental state. (Am. Comp. at ¶¶27-48).  Stated
otherwise, while Plaintiff alleges TWCE "used" his credit report, he fails to allege the intent for which TWCE
allegedly used his report, which is fatal to his claim.

facts to support his claim. "In the Eastern District of Virginia, an amendment may be considered futile where Plaintiffs have previously had two full opportunities to plead their claim." *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 595 (E.D. Va. 2006). A third opportunity "may be considered futile." *Id.* at 595. Accordingly, TWCE respectfully requests the Court grant its Motion to Dismiss, dismiss the Amended Complaint in its entirety against TWCE with prejudice, and award TWCE such other relief as the Court may deem appropriate in this action, including its reasonable attorney's fees and costs.

Respectfully submitted,

Dated: August 1, 2014                   VENABLE LLP

By: */s/ Anthony J. Pagano_____*
Anthony J. Pagano, Esq.
Virginia Bar number 38862
Attorney for Defendant
Time Warner Cable Enterprises LLC
575 7th Street, N.W.
Washington, D.C. 20004
Tel: (202) 344-4350
Fax: (202) 344-8300
Email: ajpagano@venable.com

## CERTIFICATE OF SERVICE

I, Anthony J. Pagano, attorney for Time Warner Cable Enterprises LLC, do hereby certify that I have this day filed with the Court via ECF a true and correct copy of the foregoing Defendant's Time Warner Cable Enterprises, LLC, *et al.*'s Memorandum In Support of its Motion to Dismiss Count I of Plaintiff's Amended Complaint and its Exhibit(s), if any, and that a copy of same will be delivered to the following:

Matthew James Erausquin
Casey Shannon Nash
Janelle Mason Mikac
CONSUMER LITIGATION ASSOCIATES
1800 Diagonal Road, Suite 600
Alexandria VA 22314
Email: matt@clalegal.com
Email: casey@clalegal.com
Email: janelle@clalegal.com
*Counsel for Plaintiff David M. Robinson*

Edward Mark Wenger
Joseph W. Clark
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Email: emwenger@honesday.com
Email: jwclark@jonesday.com
*Counsel for Defendant Experian*
*Information Solutions, Inc.*

Timothy St. George
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA 23219
Email: timstgeorge@troutmansanders.com
*Counsel for Defendant Experian Information*
*Solutions, Inc.*

*SO CERTIFIED* this, 1st day of August, 2014

/s/ Anthony J. Pagano